UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CRIMINAL NO. 3:19-CR-0224-B |
| | § | |
| HECTOR TORRES-GONZALEZ, | § | |
| | § | |
| Defendant. | § | |

### MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Hector Torres-Gonzalez's Motion for Compassionate Release (Doc. 107). For the reasons that follow, the motion is **DENIED WITHOUT PREJUDICE**.

### I.

### BACKGROUND

After Torres-Gonzalez pleaded guilty to one count of aiding and abetting possession with intent to distribute a Schedule 1 Controlled Substance, the Court sentenced him to 60 months of imprisonment and three years of supervised release. Doc. 96, J., 1–3. Torres-Gonzalez, who is now forty-seven years old, is serving his sentence at Terminal Island Federal Correctional Institute. His scheduled release date is July 19, 2023.[1] On November 21, 2022, Torres-Gonzalez filed his motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A). Doc. 107, Mot. The Court considers the motion below.

---

[1] The Court derives this information from the Bureau of Prisons ("BOP")'s Inmate Locator, available at https://www.bop.gov/inmateloc/ (last accessed January 17, 2023).

## II.

## LEGAL STANDARD

A district court lacks inherent authority to modify a defendant's sentence after it has been imposed. *See* 18 U.S.C. § 3582(c). But under § 3582(c)(1)(A), as amended by the First Step Act of 2018, "[a] court, on a motion by the [Bureau of Prisons ("BOP")] or by the defendant after exhausting all BOP remedies, may reduce or modify a term of imprisonment, probation, or supervised release after considering the factors of 18 U.S.C. § 3553(a), if 'extraordinary and compelling reasons warrant such a reduction.'" *United States v. Chambliss*, 948 F.3d 691, 692–93 (5th Cir. 2020) (quoting § 3582(c)(1)(A)(i)).

## III.

## ANALYSIS

A.  *Torres-Gonzalez Has Not Demonstrated Proof of Exhaustion*

Section 3582(c)(1)(A) allows a defendant to bring a motion for compassionate release "after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A).[2]

However, Torres-Gonzalez does not provide proof of the warden's receipt of his request. *See* Doc. 107, Mot. Nor does he provide the date he claims he submitted the request. *See id.* at 3. Without such information, the Court cannot determine whether thirty days have elapsed between

---

[2] The Court clarified its interpretation of the thirty-day prong of the exhaustion requirement in *United States v. Ezukanma*, 2020 WL 4569067, at *2–5 (N.D. Tex. Aug. 7, 2020). In sum, based on the plain text of § 3582(c)(1)(A), the Court concluded that to comply with the statute's exhaustion requirement, a defendant may show that thirty days have passed since the warden's receipt of his compassionate-release request—irrespective of a denial. *See id.* at *5.

the date Torres-Gonzalez claims he submitted the request and the date he filed this motion. Without such evidence, Torres-Gonzalez has not proven that he complied with the exhaustion requirement, and the Court thus **DENIES** his motion for compassionate release **WITHOUT PREJUDICE**. *See, e.g., United States v. Broadus*, 2020 WL 4784686, at *2 (N.D. Tex. Aug. 18, 2020) (Boyle, J.) (denying compassionate release where the defendant failed to "show proof of her exhaustion of administrative remedies").

B.      *Torres-Gonzalez Has Not Demonstrated Extraordinary and Compelling Reasons for Release*

Regardless of whether Torres-Gonzalez exhausted his administrative remedies, he has not shown "extraordinary and compelling reasons" warranting compassionate release. *See* § 3582(c)(1)(A). Section 3582(c)(1)(A)(i) does not define the "extraordinary and compelling reasons" that may merit compassionate release. *See generally id.* Rather, Congress "delegated that authority to the Sentencing Commission" and directed it to "promulgate general policy statements regarding the sentencing modification provisions in section 3582(c)(1)(A) that describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples." *United States v. Shkambi*, 993 F.3d 388, 391 (5th Cir. 2021) (citations, quotations, and alterations omitted).

Prior to the passage of the First Step Act, the Sentencing Commission issued a policy statement—U.S.S.G. Section 1B1.13—that "sets forth three circumstances that are considered 'extraordinary and compelling reasons.'" *United States v. Muniz*, 2020 WL 1540325, at *1 (S.D. Tex. Mar. 30, 2020) (citing § 1B1.13(1)(A) & cmt. 1). These include the defendant's medical condition, age, and family situation. *See* § 1B1.13(1)(A) & cmt. 1(A)–(C). The Fifth Circuit has held that Section 1B1.13 only applies to motions filed by "the Director of the [BOP]" and thus does not "bind[] a district court addressing a prisoner's own motion under § 3582." *Shkambi*, 993

F.3d at 392–93 (citing § 1B1.13). While not binding, Section 1B1.13 and its commentary nonetheless inform the Court's analysis of a prisoner's motion as to what constitutes extraordinary and compelling reasons for compassionate release. *See United States v. Thompson*, 984 F.3d 431, 433 (5th Cir. 2021) ("Although not dispositive, the commentary to . . . [Section] 1B1.13 informs [the court's] analysis as to what reasons may be sufficiently 'extraordinary and compelling' to merit compassionate release."); *United States v. Rivas*, 833 F. App'x 556, 558 (5th Cir. 2020) (per curiam) (noting that U.S.S.G. § 1B1.13 is "not dispositive" but "guid[ing]"); *United States v. Contreras*, 2021 WL 1536504, at *4 (E.D. Tex. Apr. 19, 2021) (finding § 1B1.13 informative in a district court's consideration of an inmate's motion in light of *Shkambi*'s holding).

Considering Torres-Gonzalez's motion in light of Section 1B1.13 and applying its discretion, the Court concludes that Torres-Gonzalez has not provided "extraordinary and compelling reasons" for release. *See* § 3582(c)(1)(A). Torres-Gonzalez states that he has "multiple health issues" such as hypertension and "a transplant organ." *See* Doc. 107, Mot., 5. He claims the "BOP cannot provide adequate medical care," and he fears being reinfected with COVID-19. *Id.* However, Torres-Gonzalez has not explained with specific facts what, if any, symptoms he suffers from due to these health issues. Further, he has not attached any medical records supporting his claims that he is experiencing such symptoms. And though Torres-Gonzalez claims that he remains at risk for infection, the BOP currently reports only three active cases at Terminal Island Federal Correctional Institution out of 1,012 total inmates.[3] Given these statistics and Torres-Gonzalez's lack of medical records, the Court finds that he has not demonstrated the "extraordinary and compelling circumstances" needed for compassionate release. *See* 3582(c)(1)(A).

---

[3] The Court derives this information from the BOP's COVID-19 webpage, available at https://www.bop.gov/coronavirus/ (last accessed January 17, 2023).

## IV.

## CONCLUSION

Because Torres-Gonzalez's motion does not satisfy the requirements for compassionate release, the Court **DENIES WITHOUT PREJUDICE** Torres-Gonzalez's Motion for Compassionate Release (Doc. 107). By denying the motion without prejudice, the Court permits Torres-Gonzalez to file a subsequent motion for compassionate release in the event he can both: (1) satisfy the exhaustion requirement and (2) provide evidence of extraordinary and compelling reasons for release.

SO ORDERED.

SIGNED: January 20, 2023.

JANE J. BOYLE
UNITED STATES DISTRICT JUDGE